## THE PENNSYLVANIA CO. V. ROSSMAN.

1. DUTY OF COURT IN CHARGING A JURY.

   It is the duty of a court in charging a jury to fully cover the case on trial in all its material phases and aspects, and give to the jury, in understandable English, such precise and definite instructions, as to the rules of law applicable and governing, that will make the jurors as intelligent as may be on the subject, and so aid them to a just and proper conclusion.

2. JUDGMENT NOT TO BE REVERSED ON THE GROUND THAT THE COURT'S CHARGE IS TOO GENERAL.

   A court is not open to criticism, and its judgment will not be reversed merely because its instructions to the jury are somewhat general and not so precise and specific as counsel on either side might wish; or at all, on that ground, unless the court is first requested to be more definite and precise in its statements, and declines to do so.

3. EFFECT OF ADMITTING EVIDENCE THAT IS TOO REMOTE IN ITS CHARACTER.

   In an action to recover the value of certain premises alleged to have been destroyed by fire through the alleged negligence of a railroad company in omitting to use proper appliances to prevent the emission of sparks from its locomotives passing upon its road it is error to permit evidence to go to the jury, which tends to show that at different times and places engines of the railroad company, other than the one which it is claimed communicated the fire and emitted sparks which were carried long distances by the wind; such evidence being of too remote a character and because of its remoteness it is incompetent and inadmissible.

ERROR to the Court of Common Pleas of Crawford county.

DAY, J.

The action in the common pleas was by Rossman against the Pennsylvania company to recover the value of a barn and contents, corn crib and buggy shed, buggy and other property, destroyed by fire through the alleged negligence of the railroad company in omitting to use proper appliances to prevent the emission of sparks from its locomotives passing over its road, by reason of which negligence sparks escaped from one of its locomotives, on the 19th of October 1894, set fire to the said barn and other property, and destroyed it. Issue was joined on the claim of Rossman that his property was destroyed by the neglect and fault of the railroad company, and tried to a jury, resulting in a verdict and judgment in favor of Rossman, the court overruling a motion for new trial before judgment was entered. All the evidence had and the charge of the court to the jury is brought before us by a proper bill of exceptions, and the railroad company prosecuted error, seeking a reversal of the judgment and a new trial because of prejudicial errors said to be apparent on the face of the record.

The errors assigned are: 1. In charging the jury. 2. In admitting evidence to the jury over the objection of plaintiff in error. 3. In not sustaining motion for new trial on the grounds that the verdict is not supported by sufficient evidence, and is against the weight of evidence, and contrary to law.

1. The criticism made of the court's charge to the jury was that it did not specifically and with sufficient particularity instruct the jury as

to how, in reaching a proper conclusion, it should estimate and regard certain evidence that was admitted. We understand counsel does not insist on this assignment of error, but abandons it. That is proper. Of course, it is the plain duty of a court, in charging a jury, to fully cover the case on trial in all its material phases and aspects, and give to the jury, in understandable English, such precise and definite instructions, as to the rules of law applicable and governing, that will make the jurors as intelligent as may be on the subject, and so aid them to a just and proper conclusion. But the court is not open to criticism, and its judgment will not be reversed merely because its instructions to the jury are somewhat general and not so precise and specific as counsel on either side might wish; or at all, on that ground, unless the court is first requested to be more definite and precise in its statements, and declines to be so. If the charge is defective in the respect indicated, it is likely that the court, upon its attention being directed to the matter would have remedied the omission. 2. During the trial evidence was permitted to go to the jury, as competent, tending to show that at different times and places engines of the railroad company, other than the one which it is claimed communicated the fire, emitted sparks which were carried long distances by the wind. This appears on pages 8, 9, 17, 33, 34, 35 and 36 of the bill of exceptions. In each instance objection was made to the competency of such evidence, but the objection was overruled and the testimony admitted, to which ruling exception was taken and noted. So far as we are advised the question here raised is new in Ohio. This species or class of testimony has not, to our knowledge, been held pertinent or competent by any reviewing or higher court of this state. Outside of this state, however, whenever the question has been raised and considered, the current weight of authority is to the effect that, to an extent, it is competent and admissible under certain conditions and circumstances as tending to throw light and establish the possibility and consequent probability that some locomotive caused the fire, and as tending to show a negligent habit of the officers and agents of the railroad company. It is not considered as first class, or of prime value, as evidence; is only admissible within very narrow limits, and not at all until the plaintiff has first given evidence tending to exclude the probability that the fire was communicated by any other means.

The rule obtaining is fairly defined and expressed in the case of *Sheldon* v. *Hudson River Railroad Company*, 14 N. Y., 218, as follows:

" In an action against a railroad company to recover the value of a building which was burned, and which is alleged to have been set on fire by sparks from one of the defendant's engines, which passed shortly before the fire was discovered, and is claimed to have been carelessly managed and unskilfully constructed, evidence that engines of the company passing near that place on other occasions shortly before emitted sparks and coals, is competent, after the plaintiff has given evidence tending to exclude the probability that fire was communicated by any other means."

To the same effect is the holding in the case of the *Grand Trunk Railway Company* v. *Richardson*, 91 U. S., 362, where it is said:

"Evidence that at various times during the summer, before the fire occurred, some of the company's locomotives scattered fire when going past a mill that was burned, is inadmissible."

It will be observed that such facts are held admissible when they occurred shortly before the fire, or during the summer, before the fire occurred; and on occasions when locomotives were passing on the railroad

track near the place of the fire. From this it would appear that such facts occurring at a time and place remote from the fire, or at an indefinite time or place would not be admissible. Such testimony then, is, and becomes, admissible and competent for any purpose, only when it is limited in time and place to near the time and place of the fire. As limited by the rule stated it is probable such evidence is admissible, and to the extent indicated by the New York court, the rule may, with equal propriety, be held applicable in this state. Considering the rule in this way, then, was the evidence admitted over the objection of plaintiff in error admissible?

On page 16 of the bill the question propounded to the witness was: "Have you noticed sparks fly in the day time, or at any time, from engines on that road, with reference to seeing how far they flew?" Page 19: "What do you say to that as to whether you saw sparks fly from an engine as long a distance as from that track to your barn?" Answer: "Yes sir; I have." On page 24: "Did you ever notice sparks flying when wind was from the south, as far as the barn?" Answer: "Yes, further than that; they flew, lots of times, to the woods and grass, and the grass was afire lots of times, and we put it out." Page 34: "Tell the jury whether you have observed, at night, the distance to which sparks would be carried?" Answer: "Oh, yes: I have frequently seen them thrown out of locomotives at night." Question: "Have you observed the distance they were carried in as strong wind as of that day?" Answer: "Yes, I have seen them carried a good ways." Question: "To what distance?" Answer: "Well, I have seen them carried as far as the barn is from the railroad. I've seen—I've known them thrown in clearings in dry times."

All the questions propounded on that subject, and the answers made, were of this character—vague, indefinite and very general. Time and place not specified; not limited to a time shortly before the fire, during the season or summer before the fire, or, within the last decade, or to a place near the scene of the burning, or on the defendant's road, even; but taking in, in their purveiw, all times, all localities and all railroads. This testimony, if testimony it is, is believed to be too attenuated and far away to possess any appreciable value or weight. We are of opinion that it was too remote, and because of its remoteness it was incompetent and inadmissible.

3. This class of evidence is out of question, and the plaintiff's case is not made out, but is left in such condition that the verdict rendered is not supported by sufficient evidence, and is clearly not warranted by the evidence adduced. It should have been set aside, on motion for that purpose, and a new trial granted.

We find error in the respect indicated, for which the judgment is reversed. The motion for new trial is allowed, and a new trial granted.

*Wheeler & Brice*, for Plaintiff in Error.

*Finley, Beer & Bennett*, for Defendant in Error.